IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SASTIN 2, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1252-D |
| | ) | |
| | ) | |
| HEMINGWAY ASSOCIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

At issue is whether the Court has subject matter jurisdiction under 28 U.S.C. § 1331. On November 21, 2017, Plaintiff initiated this action seeking declaratory and injunctive relief from two provisions of Defendant's Rules and Regulations. [Doc. No. 1]. Plaintiff is an Oklahoma LLC, which owns condominiums at the Hemingway Condominiums. Defendant is an Oklahoma not-for-profit, non-stock corporation (homeowner's association) charged with managing the condominiums and their common elements.

Specifically, Plaintiff asserts that the provision prohibiting the installation of outside satellite dishes to condominium units violates § 207 of the Telecommunications Act of 1996 and 47 C.F.R. § 1.4000. Plaintiff also asserts that Defendant's assessment of fines and penalties amounts to a state action that violates the Fourteenth Amendment of the United States Constitution. Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

Without citing to any authority, Defendant asserts in the Joint Status Report [Doc. No. 11 at 3] and in its response in opposition to Plaintiff's second motion to compel [Doc.

No. 21 at 11] that subject matter jurisdiction is lacking. The dispositive motion deadline is not until September 6, 2018 [Doc. No. 24 at 1].

"[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *see also* FED. R. CIV. P. 12(h)(3). The Court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any time before a final judgment has been entered. *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

Based on Defendant's representations and the Court's review, the Court has determined that subject matter jurisdiction may be lacking. *See e.g., Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (*quoting Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)) (holding that a property owners' association's denial of the homeowners' request to post "For Sale" signs in their front yard to expedite the sale of their homes did not constitute state action); *Ross v. Hatfield*, 640 F. Supp. 708, 710-712 (D. Kan. 1986) (requisite state action lacking where homeowner's association had restrictive covenant that barred the plaintiffs from installing satellite television antennas outside their residence); *Boughton v. Kristek*, Case No. CIV-16-202, 2016 WL 10538355, at *5 (D.N.M. April 12, 2016) (court concluded that Section 207 of the Federal Telecommunications Act of 1996 and 47 C.F.R. § 1.4000 do not give rise to a private cause of action).

Accordingly, the Court directs Plaintiff[1] to submit a brief on the issue of subject matter jurisdiction by July 10, 2018. Defendant shall file its response brief by July 24, 2018. The briefs should focus on two questions of law: (1) whether § 207 of the Telecommunications Act of 1996 or 47 C.F.R. § 1.4000 provide for a private right of action; and (2) whether the requisite state action has occurred.

IT IS SO ORDERED this 28th day of June 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).